### UNITED STATES METALLIC PACKING CO. v. HEWITT SUPPLY CO.

#### (District Court, N. D. Illinois, E. D.   January 27, 1915.)

#### No. 72.

PATENTS ☞328—VALIDITY AND INFRINGEMENT—ROD PACKING RING.

> The King patent, No. 914,426, for a rod packing ring of soft metal for packing piston rods, etc., discloses invention and is valid, but, in view of the prior art, must be given a very narrow construction; as so construed, *held* not infringed.

In Equity.   Suit by the United States Metallic Packing Company against the Hewitt Supply Company.   On final hearing.   Decree for defendant.

Chamberlin & Freudenreich, of Chicago, Ill., and Francis T. Chambers, of Philadelphia, Pa., for complainant.

Peirce, Fisher & Clapp, of Chicago, Ill., for defendant.

SANBORN, District Judge.   Infringement suit on the first claim of the King patent, No. 914,426, to complainant, dated March 9, 1909. The claim reads:

> "A rod packing ring of soft metal divided into two segments, each of which may be moved laterally over the rod to be packed and each having tapered ends, one with a convex end surface adapted to lie under, and the other with a concave end surface adapted to lie over, the corresponding tapered ends of the other segment, said concave and convex surfaces being parallel to the axis of the ring and so disposed that, when assembled on the rod, the segments interlock with each other and the rod to prevent either segment from being moved laterally away from the rod while the segments may be readily moved together or separated by moving one segment relative to the other in a direction parallel to the axis of the rod."

The device is thus described in the patent:

> "The present invention relates to packing for rods, such as the piston rods of steam engines or the like, used to prevent the flow of steam or other fluid along a rod which is movable through a wall opening when the pressure at one side of the wall is higher than the pressure at the other side. The object of the present invention is to provide a packing which will be effective in preventing the flow of fluid along the rod and will be simple in construction and composed of a relatively small number of parts and which can be readily assembled and disassembled.   A particularly important feature of the invention is the formation of a soft metal packing ring in two parts, so shaped that the ring can contract readily to compensate for the wear of the rod or packing ring and thereby maintain a tight joint, while at the

same time the parts interlock with each other and the rod, when assembled on the rod, in such manner as to prevent a lateral movement of either segment away from the rod, while at the same time each segment of the ring may be laterally moved onto or off the rod when disengaged from the other segment, and the two segments, when on the rod, can be assembled together in the interlocking or normal position or disassembled by moving one segment relative to the other in a direction parallel to the axis of the rod. This I accomplish by the peculiar configuration which I give to the ring segments."

The packing ring art is a crowded one, highly specialized in every particular of construction. For many years preceding King soft metal packing rings of various forms had been patented and in general use, and various concerns, including plaintiff, were largely engaged in their manufacture. One extensively used type of soft metal packing consisted of one or of a series of solid rings grouped together upon the piston rod. These rings were forced into close bearing with the rod by the pressure of live steam or by springs, such pressure crowding the rings into a concaved cup encircling the rod; and the inclined wall of this cup caused the soft metal to "flow" (putty-like) about the rod. In another well-known type, the soft metal packing was formed of a ring or rings severed upon lines inclined or tangential to the inner wall of the ring, so that the pressure exterior to the ring would cause it to more readily conform to the surface of the rod.

Recognizing the advantages of dividing soft metal rings to enable them to better close against the rods as the interior of the rings and the surfaces of the rods became worn, numerous forms of segmental rings were devised, and in most of these the segments were made with tapered overlapping ends to insure longer joints and easier movement of the segments as they were forced against the rods.

In some instances these segmental packing rings were made of two sections, and in other instances of three or more sections, and certain of the prior art patents point out that the number of sections to be used is a matter within the choice of the mechanic.

Various shapes were also given to the overlapping ends of the ring segments. In some cases they were tapered straight or wedge-like, and in others they were tapered and respectively convex and concave, so that, when the segments of the ring were fitted together upon the rod, one segment had a tapered convex end adapted to lie under, and a tapered concave end adapted to lie over, the correspondingly shaped ends of the other segment.

In most of the segmental packing rings of the prior art, the meeting surfaces of the segment ends were parallel to the axis of the ring, although in some instances such surfaces were inclined to the axis; in short, both forms of such surfaces alike antedated King.

An early recognized advantage of the old type of segmental packing ring was that its sections could be moved laterally over the piston rod, and, after being assembled, could be slipped into the stuffing box, thus avoiding the necessity of disconnecting the cross head from the piston rod, as was required when solid rings were applied to the rod.

So, also, in the prior art the ring segments had been formed with their tapered ends so convex and concave (or otherwise shaped) as to

interlock with each other and the rod, so that the assembled segments could not drop from the rod as they were being moved into the stuffing box. In this old type of ring the half segments were slipped over the rod laterally and then assembled together by moving one segment relative to the other in a direction parallel to the axis of the rod.

It is quite remarkable, in view of the recent development in packing rings, that a patent should have been issued as early as 1878, which is quite similar to the King disclosure. Most of the argument consisted of a discussion of the Jerome patent of December 16, 1878, No. 211,-299, and the briefs and testimony are mainly devoted to its discussion. It is unnecessary to compare the two, because it is evident that King occupies very narrow ground, and the patent can only be sustained by giving it a very narrow construction. Very large sales of the device have been made, and it should not be held void, except on the clearest showing. I am inclined to think it should be held valid but not infringed.

Defendant's device differs in form, and to some extent in operation, from the King claim, and does not infringe.

Bill dismissed, with costs.